IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVAN KIEL ANDERSON,

        Petitioner,

v.

BRAD CAIN,

        Respondent.

Case No. 2:17-cv-01797-SU

FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

On November 9, 2017, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because this case is premature, the court should dismiss it without prejudice to petitioner's right to refile it once he exhausts his available remedies. *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition).

1 - FINDINGS AND RECOMMENDATION

## STANDARDS

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; *see also O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990), *cert. denied,* 498 U.S. 1096 (1991); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## FINDINGS

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994 (citing *Rose*). The proper time to determine whether petitioner has exhausted his state court remedies is at the time

he files his federal habeas corpus petition. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). A habeas corpus action that is filed prior to the completion of exhaustion should be dismissed without prejudice. *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008).

Petitioner signed his Petition for Writ of Habeas Corpus on November 9, 2017. He represents that he did not take a direct appeal from his convictions, and that his petition for review stemming from the denial of his post-conviction petition is currently pending in the Oregon Supreme Court. He also states that he filed a second action seeking post-conviction relief in state court on August 11 of this year that is also currently pending. It is therefore clear from the Petition that petitioner has yet to exhaust his state court remedies as to any claim.

Even if petitioner were to complete exhaustion during the pendency of this case, it would not change the fact that he filed this case prematurely. *See Brown,* 11 F.3d at 915 (the time to assess exhaustion is "not when [the petition] comes on for a hearing in the district court"); *Cf. McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (prisoner's civil rights action must be dismissed without prejudice as premature even where he fully exhausts while the federal suit is pending). As a result,

3 - FINDINGS AND RECOMMENDATION

the court should dismiss this action without prejudice to petitioner's right to refile the action when he has fully exhausted his state court remedies.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be summarily dismissed, and a judgment should be entered dismissing this case without prejudice. The court should decline to issue a Certificate of Appealability where the dismissal is without prejudice for lack of exhaustion.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

DATED this <u>6th</u> day of December, 2017.

                                          /s/ Patricia Sullivan
                                          Patricia Sullivan
                                          United States Magistrate Judge